## McLarren *versus* Thompson.

By c. 125, § 33, R. S., town clerks are required to record all mortgages of personal property delivered to them, "noting in the book and on the mortgage, the time when the same was received; and it shall be considered as recorded, when left, as aforesaid, with the clerk."

Although the *time* of the reception of such mortgage is *not noted* upon the records, the title of the mortgagee is protected after it has been actually recorded.

Where property is mortgaged to secure a debt, the intention of the mortgager to prevent the property from being attached by other creditors, as well as to secure this debt, will not vitiate the mortgage, unless the mortgagee is connusant of, and participant in such design.

Of costs in replevin actions, where there is judgment for a return of a part of the property replevied.

ON FACTS AGREED.

REPLEVIN, for a quantity of wood, staves, boots, shoes and sundry other articles.

The defendant was a constable of the town of Eastport, and authorized to serve precepts in civil actions where the *ad damnum* did not exceed $500. He attached the property replevied on a writ against William W. Bucknam.

The plaintiff claimed title to the property by a mortgage from said Bucknam, to secure a debt of $3,000.

This mortgage was made seven days before the attachment, and carried to the town clerk's office, on which he entered the time of its reception and immediately recorded the same in his book of records, for that purpose. But in his book he only certified that it was a true copy, and did not note at what time it was received.

The wood and staves replevied did not appear to be embraced in the mortgage.

By the deposition of the mortgager, which was made a part of the case, it appeared that *he* designed to secure the

plaintiff, and also to keep the property from being attached on debts he was liable for as an indorser.

It also appeared from the deposition, that the plaintiff had security on the real property of said Bucknam, which was estimated to be of greater value than the debt secured, and that, after the mortgage was executed, Bucknam continued the business as before, excepting that the avails went to discharge the liabilities of plaintiff; and that plaintiff solicited this mortgage of personal property several times before it was made.

*Hayden,* for defendant.

1. No question arises but that defendant has a right to a return of the wood and staves.

2. The other goods were liable to attachment as the property of Bucknam, notwithstanding the pretended mortgage to plaintiff, because —

1st. It was not recorded according to law. R. S., c. 125, § § 32, 33; *Hatch* v. *Haskins,* 17 Maine, 396; *Handly* v. *Howe,* 22 Maine, 560; *Smith* v. *Smith,* 24 Maine, 555; *Wheeler & al.* v. *Nichols,* 34 Maine, 233.

2d. Because it is void as against creditors. *James* v. *Bryant,* 2 Pick. 411; *Twyne's case,* 3 Coke; *Shumway* v. *Rutter,* 7 Pick. 56; *Jones* v. *Huggerford,* 3 Met. 515; *Brinley* v. *Spring,* 7 Maine, 241; *Welcome* v. *Batchelder,* 23 Maine, 85; *Clark* v. *French,* 23 Maine, 221; 2 Kent's Com. 515.

*B. Bradbury,* for plaintiff.

APPLETON, J. — There is an interval of time, longer or shorter, as the case may be, between the delivery of a mortgage to be recorded and the recording the same. The design of the provision of R. S., c. 125, § 33, which requires "noting on the book and on the mortgage, the time when the same was received," was to protect the mortgagee during the time between such noting and recording. Upon compliance with this provision, the statute provides, that the mortgage shall be considered as recorded when left as

aforesaid with the clerk." Whether there be a noting or not when the mortgage is delivered for the purpose of being recorded, after it has been duly recorded, the public are bound to take notice of its existence. In *Handley* v. *Howe*, 32 Maine, 560, the time when the mortgage was left for the purpose of recordation was not noted, nor was the mortgage recorded at the time of the attachment of the mortgaged goods. It was, therefore, rightly held, that the attachment had the precedence.

In the case at bar, it is conceded that the mortgage was duly recorded some days before the attachment of the defendant. The title of the mortgagee is to prevail, unless upon other grounds the mortgage can be successfully impeached.

The mortgager, being indebted to the mortgagee, executed the mortgage to secure him for such indebtedness and against liabilities incurred by indorsing. It appears, that beside intending to secure the plaintiff, that the mortgager had the further design of placing the property mortgaged in such a situation, that it could not be readily attached by his creditors. A fraudulent design on the part of the mortgager is conceded. But his fraud should not defeat the mortgage, unless the mortgagee was conusant of and participant in such fraudulent design. Such is not proved to be the case, and upon this point the burthen of proof is upon the party alleging fraud. The liabilities the plaintiff had incurred, as well as the amount due him, afford a valid and sufficient reason, why he should be desirous of obtaining security upon personal property. There is no such necessary inference of fraud arising either from taking a mortgage for security, or from the amount of property included in the mortgage, or from the course subsequently pursued by the parties, as to justify us in considering the mortgage in this case as successfully impeached.

The plaintiff has acquired no title to the wood and staves attached, as they were not in the store referred to in the

mortgage at the time of its execution, and the defendant is entitled to an order for their return.

> *Judgment for defendant for the wood and*
> *staves attached and replevied and for costs.*
> *Judgment for plaintiff for remaining*
> *goods replevied and costs.*